IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SCOTT FREI**, *formerly known as* Richard W. Salmon,<br><br>        Plaintiff,<br><br>    v.<br><br>**OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION** *et al.*,<br><br>        Defendants. | Case No. 6:23-cv-01572-IM<br><br>**OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Plaintiff Scott Frei ("Frei"), a self-represented litigant in custody at Snake River Correctional Institution ("SRCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") arising out of a 2018 exit interview in which the Oregon Board of Parole ("the Board") considered Frei's parole eligibility. Before the Court is Defendants' Motion for

PAGE 1 – OPINION AND ORDER

Judgment on the Pleadings (ECF No. 36). Because Frei's claims are untimely and barred by issue preclusion, this Court GRANTS Defendants' motion and dismisses this case.

## BACKGROUND

In 1986, Frei was convicted of murder and sentenced to life in prison. (Compl. (ECF No 2) at 8.[1]) In January 2018, Frei contacted the Board about an impending exit interview in which the Board planned to consider Frei's eligibility for parole. Frei alleges that he notified the Board that he suffers from a "recognized disability"—Generalized Anxiety Disorder—and requested "reasonable accommodation" under the Americans with Disabilities Act ("ADA"). (*Id.*) Specifically, Frei asked the Board to "modify its policy by performing the Board ordered psychological evaluation at [SRCI] in Ontario, Oregon where [Frei] is . . . confined" rather than transporting Frei to Salem, Oregon for the evaluation. (*Id.* at 8-9.)

Frei alleges that the Board denied his request for accommodation, reasoning that his anxiety disorder "did not make him unable to travel." (*Id.* at 9.) Frei thereafter refused to participate in the mandatory psychological evaluation[2] and told the Board that he would do so "only when the requested accommodations are made[.]" (*Id.*) Frei claims that Defendants—the Board and each of its individual members—subsequently "punish[ed] [him]" by "defer[ring] [his] release date to the maximum ten years" following the exit interview in May 2018. (*Id.*)

---

[1] Frei attached to the complaint a "Memorandum in Support of Civil Rights Complaint." Because the memorandum in support was submitted and docketed with the complaint, the Court references the complaint and the ECF-assigned pagination when citing the memorandum in support.

[2] As Frei acknowledged when he filed this lawsuit, Frei's psychological state has long been at issue before the Board. (*See* Mot. for Recons. of Or. (ECF No. 5) at 4.) For at least 20 years, the Board has deferred Frei's release based on its finding that he suffers from "a present severe emotional disturbance such as to constitute a danger to the health and safety of the community." (*Id.*)

PAGE 2 – OPINION AND ORDER

On August 10, 2018, Frei filed a request for administrative review, "notifying the Board of its violations of the ADA and *ex-post facto* clauses[.]" (*Id.* at 6.) The Board filed an administrative review response on August 22, 2018, denying relief and adhering to its decision. (*Id.*) Frei then appealed, but the Oregon Court of Appeals affirmed without opinion on September 29, 2021, *Salmon v. Bd. of Parole and Post-Prison Supervision*, 314 Or. App. 879, 495 P.3d 1717 (2021), and the Oregon Supreme Court denied review on June 2, 2022, *Salmon v. Bd. of Parole and Post-Prison Supervision*, 369 Or. 785, 511 P.3d 401 (2022).

On October 23, 2023, Frei filed the instant complaint, raising six claims for relief arising from the Board's May 30, 2018 exit interview and decision to defer Frei's parole release date. In Claim 1, Frei alleges that the Board's decision to defer his parole release date violated the ADA because the Board refused his request for the mandatory psychological evaluation to be conducted at SRCI. (*Id.* at 3-4.) In Claims 2-4, Frei alleges that Defendants, "by way of Board Action Form [("BAF")] #17 [issued] June 19, 2018," violated the Fourteenth Amendment's ex-post facto clause by applying Oregon Administrative Rule ("OAR") § 225-062-0016 (2010) to defer his release (Claim 2), applied "individually and/or together" Oregon Revised Statutes §§ 144.125 and 144.280 (2010) and an unspecified OAR (Claim 3), and applied OAR 255-062-0006(1) (2010) during Frei's exit interview (Claim 4). (Compl. at 4-5.) In Claim 5, Frei alleges that Defendants, "by way of [BAF] # 17, wrongfully compelled [him] to be examined by a psychiatrist or psychologist utilizing the authority of ORS 144.223." (Compl. at 5.) Finally, in Claim 6, Frei alleges Defendants violated the Fourteenth Amendment by "placing an undo burden upon indigent plaintiff." (*Id.*)

PAGE 3 – OPINION AND ORDER

Defendants now move for judgment on the pleadings, arguing that Frei's claims are both time-barred and foreclosed by issue preclusion. (Defs. Mot. at 1.) Frei opposes the motion. (Pl.'s Resp. to Mot. for J. on Pleadings (ECF No. 46).)/

## LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 12(c) permits a motion for judgment on the pleadings. "[J]udgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).

A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss, and therefore "the same standard of review applies[.]" *Gregg*, 870 F.3d at 887 (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Pursuant to Rule 12(b)(6), a court may dismiss a complaint that fails "to state a claim on which relief can be granted" due to either "the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (simplified). The court therefore must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Respondent moves for judgment on the pleadings, arguing that Frei's claims are untimely and barred by issue preclusion. (Defs.' Mot. at 1.) For the following reasons, this Court agrees.

///

PAGE 4 – OPINION AND ORDER

I.      **Frei's Claims are Untimely**

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under Section 1983, a plaintiff must allege that (1) a person acting under color of law (2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011).

Because Section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). In Oregon, a Section 1983 claim is subject to a two-year statute of limitations. *See* OR. REV. STAT. § 12.110 (instructing that personal injury actions "shall be commenced within two years"); *see also Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012) (holding that the district court "appropriately borrowed Oregon's residual two-year statute of limitations for personal injury actions" in suit arising under Section 1983).

Frei filed the complaint in this case on October 26, 2023, alleging claims arising out of an exit interview that the Board conducted on May 30, 2018, and the subsequent issuance of BAF #17 on June 19, 2018. (Compl. at 4-5.) Both events upon which Frei's claims are based fall outside of the two-year statute of limitations, and therefore Frei's claims are untimely. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (explaining that "a claim accrues [and the statute of limitations begins to run] when the plaintiff knows or has reason to know of the injury which is the basis of the action"). Frei acknowledges that he filed the instant complaint "3 1/2 years after the statute of limitations normally would expire" but argues that the continuing

violations doctrine and equitable tolling apply to render his claims timely. (Pl.'s Resp. at 7-20.) Neither argument is well taken.

### A.     The Continuing Violations Doctrine Does Not Apply to Frei's Claims

The continuing violations doctrine "allow[s] a plaintiff to seek relief for events outside of the limitations period" and applies to Section 1983 claims. *Bird v. Dep't of Hum. Srvs.*, 935 F.3d 738, 746 (9th Cir. 2019) (simplified). The doctrine is "a conglomeration of several different ideas, . . . the essence of which is that when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* (simplified). Historically, the Ninth Circuit has "recognized two applications of the continuing violations doctrine: first, to a series of related acts, one or more of which fall within the limitations period [("serial acts branch")], and second, to the maintenance of a discriminatory system both before and during [the limitations] period [("systematic branch")]." *Id.* (simplified).

However, the Supreme Court significantly limited the applicability of the continuing violations doctrine in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("*Morgan II*"). In that case, the Supreme Court held that "discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges[,]" because "[e]ach discrete . . . act starts a new clock for filing charges alleging that act." *Id.* at 113. The Ninth Circuit has since concluded that *Morgan II* rendered the serial acts branch of the continuing violations doctrine "virtually non-existent" outside of hostile work environment claims. *Bird*, 935 F.3d at 748. The Ninth Circuit has also "applied *Morgan II* to abrogate the systematic branch" outside of "class-wide pattern-or-practice claims[.]" *Id.* at 747. As a result, "little remains of the continuing violations doctrine." *Id.* at 748.

PAGE 6 – OPINION AND ORDER

Here, Frei's claims stem from two discrete events: the Board's decision to defer Frei's parole release date by the maximum ten years during the exit interview conducted on May 30, 2018, and the issuance of BAF # 17 memorializing that decision on June 19, 2018. Frei nevertheless argues that "every day [he] is still . . . incarcerated . . . after the statute of limitations has expired[] falls within the continu[ing] violations doctrine" because Defendants are "continuous[ly]" (1) refusing Frei "reasonable accommodation" by failing to arrange for a psychological evaluation at SRCI, (2) applying state laws to Frei in violation of the ex-post facto clause, and (3) "penalizing" Frei for not participating in the 2018 psychological evaluation. (Pl.'s Resp. at 11-12.)

Despite Frei's arguments to the contrary, the Supreme Court and the Ninth Circuit have made clear that the continuing violations doctrine does not apply in this case. Frei's claims involve neither of the extremely limited categories of claims—hostile work environment and class-wide pattern-or-practice—in which the Ninth Circuit recognizes the applicability of the continuing violations doctrine. *See Bird*, 935 F.3d at 747. Although Frei insists that Defendants engaged in "a continued pattern and practice of disability discrimination[,]" Frei raises only individualized claims concerning the Board's 2018 decision to defer his parole, *see id.* at 748 (explaining that the Ninth Circuit has "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred"), and his continued incarceration pursuant to that decision[3] cannot establish a continuing violation, *see id* (explaining that

---

[3] Frei attached BAF # 17 to his response in opposition to Defendants' motion. (*See* Pl.'s Resp., Ex. 3.) This Court notes that in BAF # 17, the Board expressly informed Frei that he could move for an interim hearing in two years to "demonstrate[e] that there is reasonable cause to believe that [Frei] may be granted a change in the terms of confinement or a firm release date." (*Id.*) Frei does not allege that he ever moved for such hearing.

PAGE 7 – OPINION AND ORDER

"continuing effect is insufficient to constitute a continuing violation"). The continuing violations doctrine therefore is inapplicable in this case.

B.     **Equitable Tolling**

"For actions under [Section] 1983, courts apply the forum state's . . . law regarding tolling, including equitable tolling[.]" *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). "[E]quitable tolling is used sparingly in Oregon[,]" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1048 (9th Cir. 2016) (simplified), and the Oregon Supreme Court has not clearly defined the circumstances under which equitable tolling might apply, *see Monical v. Marion Cnty.*, No. 6:18-CV-103-YY, 2021 WL 228891, at *4 (D. Or. Jan 22, 2021) (noting that "the Oregon Supreme Court [has] stated that 'various circumstances can toll [the statute of limitations]'" but "did not explain what those 'various circumstances' were") (quoting *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 329 Or. 151, 162 (1999)). However, courts in this district have concluded that "the Oregon Supreme Court likely would apply equitable tolling" in the context of Section 1983 and would likely employ the general equitable tolling test. *Id*; *see also Ofodrinwa v. Kizzar*, No. 3:24-cv-00463-HZ, 2024 WL 3510963, at *4 (D. Or. July 23, 2024) (agreeing with *Monical*'s conclusion that the Oregon Supreme Court likely would apply equitable tolling and utilizing the general equitable tolling test).

"The general equitable tolling test requires that a litigant establish (1) that he . . . has been pursuing his . . . rights diligently, and (2) that some extraordinary circumstance stood in his . . . way." *Monical*, 2021 WL 228891, at *4 (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019)). The first element requires the plaintiff to have made reasonable efforts given his circumstances and considers "whether [he] was without any fault in pursuing his claim." *Id.* The second element

PAGE 8 – OPINION AND ORDER

requires the plaintiff "to show that extraordinary circumstances were the cause of his untimeliness and made it impossible to file the document on time." Id.

In his complaint and supporting memorandum, Frei asserts that he is entitled to equitable tolling while he was "exhausting Administrative and State remedies." (Compl. at 6, 23.) However, Frei identifies no authority, and the Court is aware of none, requiring him to exhaust his claims in the Oregon appellate courts prior to filing a Section 1983 complaint in federal court. Frei therefore is not entitled to equitable tolling while he was pursuing his claims in state court.

Frei nevertheless argues that the circumstances of this case satisfy the general equitable tolling test. Frei claims that his court-appointed appellate attorney prevented him from timely filing by failing to "ma[k]e [him] aware that this instance might be actionable under [Section] 1983[,]" and that he "has been pursuing his rights diligently" by utilizing the Board's administrative process and state-court review. (Pl.'s Resp. at 18-19.) However, "the scope of [Frei's state appellate attorney's] representation was limited to judicial review of the parole board's decision" to defer Frei's release date, not advising Frei about whether "a civil rights action under [Section 1983] was available to [him]"[4] (Pl.'s Resp., Ex. 5). In addition, Frei waited over a year to file the instant complaint after the appellate judgment issued in his state court proceedings, and he provides no explanation for the delay. This Court thus concludes that Frei has not established that extraordinary circumstances made it impossible to timely file the instant complaint, nor has he demonstrated diligence such that he was "without any fault pursuing his

---

[4] And in any event, "an attorney's negligence . . . does not provide a basis for tolling a statutory time limit[,]" Maples v. Thomas, 565 U.S. 266, 282 (2012).

PAGE 9 – OPINION AND ORDER

claim." *Monical*, 2021 WL 228891, at *4. Equitable tolling therefore is not warranted, and Frei's claims are untimely.

## II.     Even if the Complaint was Timely, Issue Preclusion Bars Frei's Claims

Issue preclusion (formerly known as "collateral estoppel") "bars 'successive litigation of an issue of fact or law actually litigated or resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). Issue preclusion is intended to prevent parties from "contesting matters that they have had a full and fair opportunity to litigate" and protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). "Once a court has decided an issue, it is 'forever settled as between the parties[.]'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (quoting *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)).

The preclusive effect of a state court judgment is determined "by applying that state's preclusion principles." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (citing 28 U.S.C. § 1738). "In Oregon, a party is precluded from subsequently litigating an issue of ultimate fact that has been determined by a valid and final determination." *Gooding v. Zuercher*, No. 3:18-cv-00015-YY, 2018 WL 4658710, at *3 (D. Or. July 23, 2018) (citing *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103, 862 P.2d 1293 (1993)), *findings and recommendation adopted by* 2018 WL 4658828 (D. Or. Sept. 27, 2018). Under Oregon law, issue preclusion applies if the following factors are met: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in

PAGE 10 – OPINION AND ORDER

the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which this court will give preclusive effect. *Nelson*, 318 Or. at 104. "The party asserting issue preclusion bears the burden to establish the first, second, and fourth Nelson factors." *Gooding*, 2018 WL 4658710, at *4 (citing *Barachman v. Anderson*, 214 Or. App. 660, 667, 167 P.3d 994 (2007)). The burden then shifts to the party opposing preclusion to negate the third and fifth factors. *Id.*

Defendants argue that issue preclusion bars Frei's claims because Frei "raised the same ADA claim and constitutional issues in his Oregon Court of Appeals case challenging the Board's action in his 2018 exit interview."[5] (Mot. at 6.) In response, Frei acknowledges that "the same ADA claims and constitutional issues raise[d] in the [state] Appellate Court are the same raise[d] in this action[,]" that his appellate counsel presented and litigated those claims on his behalf in the state appellate proceedings, and that "the determination of th[ose] issue[s] . . . w[ere] a critical and necessary part of the judgment" in the Oregon appellate courts. (Pl.'s Resp. at 20.) Although neither party addresses the Nelson factors in their briefing, Frei's admissions satisfy the first, second, third, and fourth Nelson factors. The Court concludes that the fifth factor is also satisfied because the state appellate court proceedings were of the kind that this Court must give preclusive effect. Because each of the Nelson factors are met, Frei's claims are barred by issue preclusion.

///

---

[5] This Court notes that Defendants incorrectly analyzed Frei's claims under the federal issue preclusion standard rather than the Oregon standard. The result nevertheless is the same under both standards.

PAGE 11 – OPINION AND ORDER

## CONCLUSION

For these reasons, this Court GRANTS Defendants' Motion for Judgment on the Pleadings (ECF No. 36), and DISMISSES this action, with prejudice, for failure to state a claim. For the reasons set forth above, this Court certifies that any appeal taken from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

DATED this 12th day of September, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge